UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MONICA LAHMAN, O/B/O BILL LAHMAN, DECEASED,<br><br>                Plaintiff,<br>   v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                Defendant. | Case No. 3:13-cv-05879-RBL-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for August 29, 2014 |

Plaintiff[1] has brought this matter for judicial review of defendant's denial of his application for disability insurance benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits be reversed and this matter be remanded for further administrative proceedings.

---

[1] The term "plaintiff" hereinafter shall refer to Bill Lahman, the deceased spouse of Monica Lahman who continued this claim as a substituted party following his death, which occurred during the prior administrative proceedings. See ECF #14, Administrative Record ("AR") 17.

REPORT AND RECOMMENDATION - 1

## FACTUAL AND PROCEDURAL HISTORY

On May 17, 2010, plaintiff filed an application for disability insurance benefits, alleging disability as of August 20, 2009. See AR 17.  That application was denied upon initial administrative review on August 30, 2010, and on reconsideration on December 8, 2010. See id.  A hearing was held before an administrative law judge ("ALJ") on April 20, 2012, at which plaintiff's spouse, represented by counsel, appeared as a substituted party and testified, as did a vocational expert. See AR 34-52.

In a decision dated May 25, 2012, the ALJ determined plaintiff to be not disabled. See AR 17-29.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on August 2, 2013, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). See AR 1; 20 C.F.R. § 404.981.  On November 7, 2013, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. See ECF #5.  The administrative record was filed with the Court on February 18, 2014.  See ECF #14.  The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits, or in the alternative for further administrative proceedings, because the ALJ erred in:

(1) failing to consult a medical expert in determining whether plaintiff's liver condition medically equaled the criteria set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1, § 5.05 ("Listing 5.05");

(2) failing to sufficiently explain or provide sufficient evidentiary support for the determination that plaintiff's liver condition did not meet or medically equal Listing 5.05;

(3) rejecting the opinion of treating physician Noel Guzman, M.D., that plaintiff's condition met the criteria of Listing 5.05; and

REPORT AND RECOMMENDATION - 2

(4) failing to sufficiently explain the basis or provide sufficient evidentiary support for his assessment of plaintiff's residual functional capacity.

For the reasons set forth below, the undersigned agrees the ALJ erred in failing to consult a medical expert in determining plaintiff's impairments did not medically equal the criteria of Listing 5.05, and in failing to sufficiently explain or provide sufficient evidentiary support for that determination, and thus in finding plaintiff to be not disabled. Also for the reasons set forth below, while the undersigned recommends defendant's decision to deny benefits be reversed on this basis, this matter should be remanded for further administrative proceedings.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is

REPORT AND RECOMMENDATION - 3

required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975).  "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [2]

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. See 20 C.F.R. § 404.1520.  If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. See id.  At step three of that process, the ALJ must evaluate the claimant's impairments to see if they meet or medically equal any of the impairments listed in 20 C.F. R. Part 404, Subpart P, Appendix 1 (the "Listings"). See 20 C.F.R § 405.15220(d); Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).  If any of the claimant's impairments meet or medically equal a listed impairment, he or she is deemed disabled. Id.  The burden of proof is on the claimant to establish he or she meets or equals any of the impairments in the Listings. See Tacket, 180 F.3d at 1098.

"A generalized assertion of functional problems," however, "is not enough to establish disability at step three." Id. at 1100 (citing 20 C.F.R. § 404.1526).  Rather, a mental or physical impairment "must result from anatomical, physiological, or psychological abnormalities which

---

[2] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached.  If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them.  It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence.  While the court may not try the case de novo, neither may it abdicate its traditional function of review.  It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational.  If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 4

can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.  It must be established by medical evidence "consisting of signs, symptoms, and laboratory findings." Id.; see also Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 *2 (determination that is conducted at step three must be made on basis of medical factors alone).  An impairment meets a listed impairment "only when it manifests the specific findings described in the set of medical criteria for that listed impairment." SSR 83-19, 1983 WL 31248 *2.

An impairment, or combination of impairments, equals a listed impairment "only if the medical findings (defined as a set of symptoms, signs, and laboratory findings) are at least equivalent in severity to the set of medical findings for the listed impairment." Id.; see also Sullivan v. Zebley, 493 U.S. 521, 531 (1990) ("For a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, he must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment.") (emphasis in original).  However, "symptoms alone" will not justify a finding of equivalence. Id.  The ALJ also "is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2005).

The ALJ need not "state why a claimant failed to satisfy every different section of the listing of impairments." Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990) (finding ALJ did not err in failing to state what evidence supported conclusion that, or discuss why, claimant's impairments did not meet or exceed Listings).  This is particularly true where, as noted above, the claimant has failed to set forth any reasons as to why the Listing criteria have been met or equaled. Lewis v. Apfel, 236 F.3d 503, 514 (9th Cir. 2001) (finding ALJ's failure to discuss

REPORT AND RECOMMENDATION - 5

combined effect of claimant's impairments was not error, noting claimant offered no theory as to how, or point to any evidence to show, his impairments combined to equal a listed impairment).

At step three in this case, the ALJ found in relevant part:

> The severity of the claimant's cirrhosis of the liver did not meet or medically equal [L]isting 5.05 (Chronic liver disease). The medical evidence does not show the claimant suffered from hemorrhaging from esophageal, gastric, or ectopic varices, or from portal hypertensive gastropathy that required hospitalization for transfusion of at least two units of blood. There is no evidence of spontaneous bacterial peritonitis with peritoneal fluid containing an absolute neutrophil count of at least 250 cells/mm$^3$ or hepatorenal syndrome with either serum creatinine elevation of at least 2 mg/dL, or oliguria with 24-hour urine output less than 5000 mL, or sodium retention with urine sodium less than 10 mEq per liter. The record does not document hepatopulmonary syndrome or hepatic encephalopathy. Although the record shows evidence of ascites, medical records do not document the presence of ascites or hydrothorax on at least two evaluations at least 60 days apart within a consecutive six-month period. He developed end stage liver disease during a one-to-two month period before his death. However, the medical record does not show SSA CLD scores of 22 or greater. Therefore, the claimant's cirrhosis of the liver did not meet the criteria of [L]isting 5.05.

AR 20. Plaintiff argues the ALJ erred in finding his liver condition did not medically equal the criteria of Listing 5.05, without first obtaining medical expert opinion evidence in regard thereto. The undersigned agrees.

Specifically, plaintiff asserts the ALJ was required to obtain such evidence both because it is mandated by the Commissioner's own rules concerning determining medical equivalence, and because the evidence in the record is ambiguous as to whether the record in fact supports a finding of medical equivalence. As for whether the Commissioner's rules mandate the obtaining of medical expert evidence, SSR 96-6p provides in relevant part:

> *Medical Equivalence to an Impairment in the Listing of Impairments.*
>
> The administrative law judge . . . is responsible for deciding the ultimate legal question whether a listing is met or equaled. As trier of the facts, an administrative law judge . . . is not bound by a finding by a State agency medical or psychological consultant or other program physician or

REPORT AND RECOMMENDATION - 6

> psychologist as to whether an individual's impairment(s) is equivalent in severity to any impairment in the Listing of Impairments. However, longstanding policy requires that the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge . . . must be received into the record as expert opinion evidence and given appropriate weight.
>
> The signature of a State agency medical or psychological consultant on an SSA-831-U5 (Disability Determination and Transmittal Form) or SSA-832-U5 or SSA-833-U5 (Cessation or Continuance of Disability or Blindness) ensures that consideration by a physician (or psychologist) designated by the Commissioner has been given to the question of medical equivalence at the initial and reconsideration levels of administrative review. Other documents, including the Psychiatric Review Technique Form and various other documents on which medical and psychological consultants may record their findings, may also ensure that this opinion has been obtained at the first two levels of administrative review.
>
> When an administrative law judge . . . finds that an individual[']s impairment(s) is not equivalent in severity to any listing, the requirement to receive expert opinion evidence into the record may be satisfied by any of the foregoing documents signed by a State agency medical or psychological consultant. However, an administrative law judge . . . must obtain an updated medical opinion from a medical expert in the following circumstances:
>> * When no additional medical evidence is received, but in the opinion of the administrative law judge . . . the symptoms, signs, and laboratory findings reported in the case record suggest that a judgment of equivalence may be reasonable; or
>> * When additional medical evidence is received that in the opinion of the administrative law judge . . . may change the State agency medical or psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments.
>
> When an updated medical judgment as to medical equivalence is required at the administrative law judge level in either of the circumstances above, the administrative law judge must call on a medical expert. . . .

1996 WL 374180, at *3-*4 (internal footnote omitted).

Plaintiff is thus correct that pursuant to SSR 96-6p the judgment of a physician – or as the case may be, a psychologist – on the issue of medical equivalence "must be received into the record as expert opinion evidence and given appropriate weight." Id. at *3.  But that ruling also provides that when an ALJ finds a claimant's impairment "is not equivalent in severity to any

REPORT AND RECOMMENDATION - 7

[L]isting, the requirement to receive expert opinion evidence into the record may be satisfied by" the medical or psychological consultant's signature on one of several designated official forms, including the Disability Determination and Transmittal Form. Id.  The record in this case shows two such forms, each signed by a different physician – one at the initial stage of administrative review and the other at the reconsideration level – indicating plaintiff was not disabled in regard to his mental and physical impairments at the time. See AR 53-54.

Plaintiff is correct that it appears neither physician specifically addressed the issue of his liver condition. See id.  However, again as noted above, where such as in this case additional medical evidence is received into the record, "the decision to call a medical expert . . . is required only '[w]hen ... in the opinion of the [ALJ] . . . the symptoms, signs and laboratory findings reported in the case record suggest that a judgment of equivalence may be reasonable.'" Foster v. Colvin, 2013 WL 2456457, at *4 (E.D.Wash. 2013) (quoting Mayes v. Massanari, 276 F.3d 453, 459–60 (9th Cir.2001); SSR 96–6p, 1996 WL 374180, at *3); see also Albidrez v. Astrue, 504 F.Supp.2d 814, 820 n.9 (C.D.Cal. 2007) (pointing out that SSR 96-6p only "provides for two exceptions in which an ALJ will be required to obtain a medical expert's opinion regarding medical equivalence," i.e., when no additional medical evidence is received, but ALJ finds case record suggests judgment of equivalence may be reasonable, or when additional evidence is received that ALJ finds may change medical or psychological consultant's finding).  Here, the first SSR 96-6p exception does not apply because additional evidence was received, and the second exception also does not apply because the ALJ did not find the additional evidence in the record made such a suggestion reasonable. See AR 20.

That being said, as acknowledged by defendant, the ALJ has the duty "to fully and fairly develop the record" where the record contains "[a]mbiguous evidence," or the ALJ has found it

REPORT AND RECOMMENDATION - 8

to be "inadequate to allow for proper evaluation" thereof. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001); see also Mayes, 276 F.3d at 459.  The undersigned finds there is sufficient ambiguity in the record concerning whether plaintiff's liver condition medically equaled Listing 5.05 that the ALJ's duty to develop the record in regard to that issue was triggered.  For example, Dr. Guzman noted in late December 2011, that plaintiff was "looking very bad" and had been diagnosed with "advanced cirrhosis." AR 314-15.  Just one month later, Dr. Guzman stated that plaintiff was "suffering from end stage Cirrhosis," and discussed the issue of an evaluation for hospice care with him and his wife and a referral therefor was made. AR 313.  Other treatment records from that time period refer to plaintiff's "overall debility and decline," his "worsening liver function testing" and "liver failure" (the latter of which was thought to be irreversible) and the requirement for "24-hour assistance in the hospital and ultimately a skilled nursing facility placement." See AR 356, 358-60.

      While this additional evidence does not itself show plaintiff's cirrhosis met the criteria of Listing 5.05, it certainly shows his condition was in serious decline to the point where liver failure had occurred or was imminent.  This clearly raises the issue as to whether Listing 5.05 had been medically equaled at that point, even if not all of its specific criteria was established by the record. See SSR 83-19, 1983 WL 31248, at *2 ("Equivalency can be found" where "[a] *listed* impairment for which one or more of the specified medical findings is missing from the evidence but for which other medical findings of equal or greater clinical significance and relating to the same impairment are present in the medical evidence.") (emphasis in original).  Further, as noted above, plaintiff did ultimately die.  Also, as the record shows plaintiff kept drinking throughout the progression of his disease, there is the question as to whether his alcoholism or the cirrhosis

REPORT AND RECOMMENDATION - 9

itself, or some combination thereof, was what ended up causing his death.[3]

The undersigned further finds the ALJ did not adequately explain the evidentiary basis for his determination that plaintiff's cirrhosis did not medically equal the criteria of Listing 5.05. Although the ALJ stated he came to that conclusion, his analysis appeared to merely consist of assertions that those criteria had not been shown to exist. In other words, while the ALJ found plaintiff's liver condition did not meet or medically equal Listing 5.05, his discussion focused solely on how that Listing's criteria had not been met. As such, it is impossible to determine what evidence the ALJ actually relied on to make his non-medical equivalency determination, and therefore the ALJ erred in this regard as well.

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

---

[3] A claimant may not be found disabled if alcoholism or drug addiction ("DAA") would be "a contributing factor material to the Commissioner's determination" that the claimant is disabled. Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001) (citing 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J); 20 C.F.R. § 416.935(a)). To determine whether DAA is a materially contributing factor, the ALJ first must conduct the five-step disability evaluation process "without separating out the impact of alcoholism or drug addiction." Id. at 955; see also SSR 13-2P, 2013 WL 621536 *6 (requiring that "the appropriate sequential evaluation process" be applied "to determine whether the claimant is disabled considering all of his or her impairments, including DAA"). If the claimant is found to be not disabled, he or she "is not entitled to benefits." Id. If the claimant is found to be disabled "and there is 'medical evidence of [his or her] drug addiction or alcoholism,'" the ALJ then proceeds "to determine if the claimant 'would still [be found] disabled if [he or she] stopped using alcohol or drugs.'" Id. (citing 20 C.F.R. § 416.935). Thus, if a claimant's current limitations "would remain once he [or she] stopped using drugs and alcohol," and those limitations are disabling, "then drug addiction or alcoholism is not material to the disability, and the claimant will be deemed disabled." Ball v. Massanari, 254 F.3d 817, 821 (9th Cir. 2001). As pointed out by plaintiff, however, there are strong indications the ALJ did not conduct a proper DAA analysis. For example, it appears the ALJ rejected the lay witness evidence and at least some of the medical evidence in the record in part on the basis of plaintiff's alcohol abuse before finding him to be not disabled. See AR 22-27.

REPORT AND RECOMMENDATION - 10

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain as to whether plaintiff has an impairment that medically equals the criteria of Listing 5.05 due to the failure of the ALJ to obtain medical expert opinion evidence in regard thereto and to provide a sufficient explanation and evidentiary support therefor, remand for further administrative proceedings to consider those issues – including the obtaining of such opinion evidence – is warranted.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ improperly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as well that the Court reverse the decision to deny benefits and remand this matter for further administrative proceedings in accordance with the findings contained herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk

REPORT AND RECOMMENDATION - 11

is directed set this matter for consideration on **August 29, 2014**, as noted in the caption.

DATED this 7th day of August, 2014.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 12